UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN COLE, #478837** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1089** |
| **TIMOTHY HOOPER, WARDEN** | **SECTION: "D"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE as time-barred**.

*Procedural History*

Petitioner, Bryan Cole, is a convicted inmate currently incarcerated at the Louisiana State Prison, in Angola, Louisiana. On October 24, 2002, Cole was charged by two separate bills of indictment with two counts of aggravated rape of a victim younger than 12 years of age, two counts of aggravated rape, and one count of aggravated incest in violation of La. Rev. Stat. §§ 14:42 and 14:78.1.[1] At the time, two of these the aggravated-rape charges were punishable by death or life imprisonment.[2] Cole entered a guilty plea as to all charges on

---

[1] ECF No. 16-1 at 3-4, Bill of Indictment (02-5357), 10/24/02; *id.* at 5-6, Grand Jury Minutes, 10/24/02; ECF 19-1 at 3-4, Bill of Indictment (02-6005), 10/24/02; *id.* at 5-6, Grand Jury Minutes, 10/24/02.

[2] La. Rev. Stat. § 14:42(D). The death penalty provision was later deemed unconstitutional by the

November 14, 2003.[3] On that same day, Cole was sentenced to life imprisonment to be served at hard labor for the rape offenses, and a term of imprisonment of 20 years as to the offense of aggravated incest, each sentence to be served without benefit of parole, probation, or suspension of sentence.[4] Cole did not appeal any of his convictions or sentences.

On December 1, 2004, Cole filed an application for post-conviction relief with the state district court under case number 02-5357, although he captioned his application using both case numbers and sought relief from each of his convictions and sentences.[5] In that application, he asserted that he was not fully informed of his rights during the plea colloquy and, as a result, his guilty pleas were not knowingly, intelligently and voluntarily entered.[6] The state district court denied relief on January 19, 2005, finding that Cole was properly advised of his constitutional rights and that he knowingly, voluntarily and intelligently waived them.[7]

On March 2, 2005, the Louisiana Fifth Circuit denied Cole's related writ application.[8]

---

Supreme Court in *Kennedy v. Louisiana*, 554 U.S. 407 (2008).

[3] ECF No. 16-1 at 579, Minute Entry, (02-5357), 11/14/03; *id.* at 580-85, Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty (02-5357), 11/14/03; *id.* at 623-37, Plea & Sentencing Transcript (02-5357 & 02-6005), 11/14/03; ECF No. 19-1 at 66, Minute Entry (02-6005), 11/14/03; *id.* at 67-72, Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty (02-6005), 11/14/03; *id.* at 83-98, Plea & Sentencing Transcript (02-5357 & 02-6005), 11/14/03.

[4] . *Id.* at 579, Minute Entry, (02-5357), 11/14/03; *id.* at 623-37, Plea & Sentencing Transcript (02-5357 & 02-6005), 11/14/03; ECF No. 19-1 at 66. Minute Entry (02-6005), 11/14/03; *id.* at 83-98, Plea & Sentencing Transcript (02-5357 & 02-6005), 11/14/03.

[5] *Id.* at 309-18, Uniform Application for Post-Conviction Relief, 1/14/05 (signed 12/1/04).

[6] *Id.* at 311, 313-17.

[7] *Id.* at 319-20, State District Court Order denying post-conviction relief, 1/19/05.

[8] *State ex rel. Cole v. State*, 05-KH-246, (La. App. 5 Cir. 3/2/05); ECF No. 16-2 at 15; *id.* at 1-14, Writ Application, 05-KH-246, 3/2/05 (signed 2/24/05).

On February 10, 2006, the Louisiana Supreme Court denied Cole's related writ application without assigning reasons.[9]

On June 28, 2013, Cole filed an "Application for State Writ of Habeas Corpus" with the state district court again claiming that his guilty pleas were not knowingly and voluntarily entered.[10]    On August 9, 2013, the state district court denied the application as untimely.[11] Cole did not seek supervisory review of this denial.

On March 22, 2017, Cole filed an application for habeas corpus and a motion for constitutional challenge in state district court.[12]    On April 3, 2017, the state district court denied both motions as untimely.[13]    Cole did not seek supervisory review of that order but instead filed a motion requesting that the district court reconsider its April 3, 2017, ruling.[14] On May 17, 2017, the state district court found no basis to disturb the earlier ruling and no basis to grant relief and denied the motion.[15]

Cole filed an application seeking supervisory review with the Louisiana Fifth Circuit

---

[9] *State ex rel. Cole v. State*, 2005-KH-1348 (La. 2/10/06), 924 So. 3d 157; ECF No. 16-2 at 107; *id.* at 108-24, Writ Application, 05 KH 1348, 5/24/05 (signed 3/31/05).

[10] ECF No. 16-1 at 608-38, Application for State Writ of Habeas Corpus, 7/3/13 (signed 6/28/13). Cole was notified that the motion was accepted in case number 02-5357 but that he had to file a separate motion for case number 02-6605.    *Id.* at 639, Clerk of Court Letter, 7/3/13.

[11]  *Id.* at 640, Order, 8/9/13.

[12]  *Id.* at 645-48, Motion for this Court to Decide a U.S. Constitutional Challenge because this Court Imposed a State Law to Keep My Claim from Being Heard and Ruled on, 5/28/17 (signed 3/22/17); *Id.* at 649-66, Application for State Writ of Habeas Corpus, 5/28/17 (postmarked 3/23/17).

[13]  *Id.* at 667, Order, 4/3/17.

[14]  *Id.* at 673-99, Motion to Reconsider and Rule on My Constitutional Challenge and Motion to Correct this Court's Ruling because This Court is Trying to Cover-Up My U.S. Constitutional Challenge, 5/5/17 (signed 4/28/17).

[15]  *Id.* at 702, Order, 5/17/17.

3

Court of Appeal on June 13, 2017.[16]   On July 12, 2017, the court denied Cole's writ application finding no error in the May 17, 2017 order and that his claim for post-conviction relief was untimely under La. Code Crim. P. art. 930.8.[17]   On November 5, 2018, the Louisiana Supreme Court denied Cole's related writ application finding that his application was not timely filed with the state district court.[18]

On January 15, 2022, Cole filed yet another application for post-conviction relief claiming that his guilty plea was based on threats of execution if convicted by a jury and the one of the grand jury indictment was defective.[19]   On February 14, 2022, he filed an application for "Post Conviction Plea Agreement."[20]   On February 16, 2022, the state district court found that Cole failed to: (1) meet the requirements of La. Code Crim. P. art. 926.2; (2) meet any exception to timeliness; (3) meet his burden of proof that relief should be granted; and (4) allege a valid claim pursuant to La. Code Crim. P. arts. 930.3 and 930.4.[21] The court therefore denied Cole's application for post-conviction relief.[22]   On April 12, 2022, the state district court denied Cole's motion to enter into a post-conviction plea

---

[16] ECF No. 16-2 at 16-47, Writ Application, 17-KH-322, 6/19/17 (signed 6/13/17).

[17] *Cole v. State*, 17-KH-322 (La. App. 5 Cir. 7/12/17); ECF 16-2 at 48-49.

[18] *State ex rel. Cole v. State*, 2017-KH-1353 (La. 11/5/18), 255 So. 3d 1041; ECF No. 16-2 at 190-91; *id.* at 125-46, Writ Application, 17 KH 1353, 8/2/17 (signed 7/30/17); *id.* at 47-68, Writ Application Supplement, 17 KH 1353, 8/14/17

[19] ECF No. 16-1 at 749-90, Second or Subsequent Uniform Application for Postconviction Relief, 1/28/22 (signed 1/15/22).

[20] *Id.* at 799-03, Joint Motion to Enter into Post Conviction Plea Agreement and Amendment of Conviction and Sentence Pursuant to Newly Enacted Legislation Act 104, Louisiana Code of Criminal Procedure, Art. 930.10(B), 2/18/22 (signed 2/14/22).

[21] *Id.* at 791-92, Order, 2/16/22.

[22] *Id.*

agreement.[23]

Cole filed an application for supervisory review with the Louisiana Fifth Circuit Court of Appeal on April 8, 2022.[24] On April 20, 2022, the Louisiana Fifth Circuit Court of Appeal denied relief finding:[25]

> The clear language of Article 926.2 (A) indicates that where, as here, a petitioner pled guilty to the charged offense, his ACPR "shall be subject to Article 920.4 and 930.8." La. C. Cr. P. art. 930.8 procedurally bars relator's ACPD, which was filed more than two years after the finality of relator's 2003 convictions and sentences and fails to satisfy any of the exceptions to the two-year time bar enumerated in La. C. Cr.P. art. 930.8 (A). Even if, as Article 926.2 provides, relator had been "convicted after a trial completed to verdict" and thus were not constrained by the limitations of Articles 930.4 and 930.8, relator would have been required to offer supporting evidence that qualifies as "new, reliable, and noncumulative evidence" in the form of "scientific, forensic, physical, or nontestimonial evidence," to succeed in his actual innocence claim, but realtor has produced no such evidence. Finally, we find no support for relator's arguments that a finding that his guilty plea was unconstitutionally obtained, or that his grand jury indictment was procedurally invalid, may result in "actual innocence" as contemplated by Article 926.2 (and therefore qualifies as an exception to the time limitation imposed by Article 930.8).[1]
>
> ---
> [1] Relator argued that his guilty plea was unconstitutional in a previous APCR, which the trial court denied on April 3, 2017. *See Cole v. State*, 17-322 (La. App. 5 Cir. 7/12/17) (unpublished writ disposition).

Cole filed an application for supervisory review with the Louisiana Supreme Court on May 26, 2022.[26] On February 14, 2023, the Louisiana Supreme Court denied the application finding that Cole had "previously exhausted his right to state collateral review and fails to show that any exception permits his successive filing. *See State ex rel. Cole v.*

---

[23] *Id.* at 810.

[24] ECF No. 16-2 at 51-102, Writ Application, 22-KH-160, 4/12/22 (signed 4/8/22).

[25] *State v. Cole*, 22-KH-160 (La. App. 5 Cir. 4/20/22); ECF 16-2 at 103-05.

[26] ECF No. 16-2 at 224-39, Writ Application, 22 KH 0873, 5/26/22 (signed 5/27/22)

*State*, 2017-1353 (La. 11/5/18), 255 So.3d 1041."[27]

On March 27, 2023, Cole filed the instant application for habeas corpus relief.[28] In that application, Cole claims: (1) his guilty plea was not voluntary because it was based upon threat of execution if convicted by a jury and (2) the grand jury indictment in case number 02-6005 was defective.[29]

The State argues that the application should be dismissed as untimely.[30] Cole filed a traverse claiming that the State's calculation with regard to timeliness is incorrect and that, because his guilty pleas were null and void, he is actually innocent.[31]

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., governs the filing date for this action because Cole filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[27] *State v. Cole*, 2022-KH-0083 (La. 2/14/23), 354 So.3d 1245: ECF No. 16-2 at 240.

[28] Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

[29] Rec. Doc. 3-1.

[30] Rec. Doc. 18.

[31] Rec. Doc. 21; Rec. Doc. 21-1.

> the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final." With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously stated, Cole was sentenced on November 14, 2003. His state criminal

7

judgment of conviction became final for AEDPA purposes, and his federal limitations period therefore commenced, on December 15, 2003,[32] when his time for filing an appeal under state law expired.[33] Under a plain reading of the statute, Cole then had one year, until December 15, 2004, by which to file his habeas corpus petition. Cole did not file the instant federal habeas petition with this Court until March 27, 2023, nearly 20 years later. Thus, his application must be dismissed as untimely unless the deadline was extended through tolling.

   *A. Statutory Tolling*

Regarding the tolling of the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" pursuant to § 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance.' " *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, the state court records shows that, after 351 days, Cole filed an application for post-conviction relief on December 1, 2004.[34] That remained pending until the Louisiana Supreme Court denied his related writ application on February 10, 2006.[35] Thereafter, the

---

[32] Because the 30th day fell on Sunday, December 14, 2003,Cole had until Monday, December 15, 2003 to file an appeal. La. Code Crim. P. art. 13; La. Rev. Stat. § 1:55; *see also* Fed.R.Civ.P. 6(a)(1)(C).

[33] *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has 30 days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

[34] ECF No. 16-1 at 309-18, Uniform Application for Post-Conviction Relief, 1/14/05 (signed 12/1/04).

[35] *State ex rel. Cole v. State*, 2005-KH-1348 (La. 2/10/06), 924 So. 3d 157; ECF No. 16-2 at 107.

remainder of the one-year limitations period continued to run uninterrupted until it expired fourteen (14) days later on February 27, 2006.[36]

Cole filed an application for state habeas corpus relief in June 2013. That application, however, could not revive the one-year federal limitations period, which had expired seven years earlier. *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *Magee v. Cain*, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)). Similarly, none of Cole's other state-court filings lodged in 2017 and 2022 revived the AEDPA limitations period. Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler*, 533 F.3d at 318.

Cole appears to claim that his habeas petition is timely because he filed a second or successive application for post-conviction relief in 2022 based on the newly enacted version of La. Code Crim. P. arts. 926.2 and 926.3.[37] Cole, however, provides no legal support for his contention that, due to a change in state law, that the AEDPA limitation period was reinitiated. Accordingly, Cole is not entitled to a re-start of his prescriptive period by virtue of his January 2022 application.[38]

---

[36] The final day fell on Saturday, February 25, 2006, causing the final day to fall on the next business day, Monday, February 27, 2006.  Fed. R. Civ. Pro. 6(a)(1)(C) ("... if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[37] *See* ECF No. 3 at 13; ECF No. 3-1 at 1-2.

[38] In any event, as previously noted, the Louisiana Fifth Circuit found that article 926.2 did not apply as Cole entered a guilty plea.  *State v. Cole*, 22-KH-160 (La. App. 5 Cir. 4/20/22); ECF 16-2 at 103-05. Thereafter, the Louisiana Supreme Court found that Cole failed to show any exception permitting his successive filing.  *Cole*, 354 So. 3d at 1245; ECF No. 16-2 at 240.

Cole relies on the Supreme Court's decision in *Kennedy v. Louisiana*, 554 U.S. 407 (2008), which found that a death sentence for a rape of a child that did not result in victim's death is unconstitutional, to argue that his habeas petition is timely filed.[39] Subsection (d)(1)(C) provides that the one-year limitations period begins "on the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Cole's reliance on *Kennedy* is misplaced. Cole was not sentenced to death, and, thus, *Kennedy* is inapplicable. In any event, *Kennedy* was issued in June 2008.[40] Cole did not file his habeas petition until March 2023, nearly 15 years later.[41]

### B. Equitable Tolling

The AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L.Ed.2d. 130 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling).

---

[39] ECF No. 21 at 2-3.

[40] *Kennedy*, 554 U.S. at 407.

[41] The Court acknowledges that Cole claims his negotiated pleas was based on threat of execution. However, Cole's negotiated pleas were not coerced or otherwise involuntary simply because they were "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970).

(internal quotation marks omitted).   A petitioner bears the burden of proof to establish entitlement to equitable tolling.   *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Cole does not argue that equitable tolling applies in this case.   Furthermore, the record shows an inexplicable lack of diligence on his part and no extraordinary circumstances that would warrant equitable tolling.   It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status, and lack of legal training do not constitute rare and exceptional circumstances warranting equitable tolling.   *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for those who sleep on their rights").   Accordingly, the Court finds that Cole is not entitled to equitable tolling.

   C.   Actual Innocence

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass ... [to excuse] the expiration of the statute of limitations."   *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L.Ed.2d. 1019 (2013).   The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"   *Id*.   To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence

... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *McQuiggin*, 133 S. Ct. at 1936.

When entering his pleas, Cole conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Cole points to no new evidence whatsoever, compelling or otherwise, that would show his actual innocence of the crimes for which he pled guilty and was convicted. Rather, as recently as February 2022, Cole appeared to continue to concede his guilt when, in requesting that he be re-sentenced to a term of imprisonment of 20 years, he stated:

> [b]ecause of my actions twenty (20) years ago I hurt a lot of people, my victims, nearly all my family and myself, I cannot re-write my past and will forever live in shame for what I did. I have been incarcerated for twenty (20) years for crimes at the time took less than thirty minutes to complete. Mr. Connick, I live with what I did every day of my life, day in and day out its on my mind and I have been forced to face reality at its darkest peak. Mr. Connick, I am not the same man I was twenty (20) years ago.[42]

Accordingly, he has not met even "the threshold requirement" for *McQuiggin* to apply. *McQuiggin*, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

---

[42] ECF No. 16-1 at 800, Joint Motion to Enter into Post Conviction Plea Agreement and Amendment of Conviction and Sentence Pursuant to Newly Enacted Legislation Act 104, Louisiana Code of Criminal Procedure, Art. 930.10(B), 2/18/22 (signed 2/14/22).

12

In sum, the instant petition was filed nearly 20 years after the federal limitations period expired.    Cole has not established any basis for statutory or equitable tolling nor has he established that the actual innocence exception applies.    Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Bryan Cole's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE as time-barred**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[43]

New Orleans, Louisiana, this  16th  day of  November , 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] *Douglass* referenced the previously applicable 10-day period for the filing of objections.    Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

13