UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN COLE | CIVIL ACTION |
| VERSUS | NO. 23-1089 |
| TIMOTHY HOOPER | SECTION: D (5) |

### ORDER AND REASONS

The Court, having considered *de novo* Bryan Cole's 28 U.S.C. § 2254 Petition,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the timely filed Objections to the Report and Recommendation,[3] hereby overrules the Petitioner's Objections, approves the Report and Recommendation and adopts it as its opinion in this matter. In doing so, the Court notes that it has construed Bryan Cole's *pro se* pleading liberally.[4]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

As Petitioner raises no objection to the Magistrate Judge's recitation of the Procedural History, and the Court finds it not clearly erroneous, the Court adopts the factual background and procedural history of the Report and Recommendation.[5] Reviewing that procedural history, the record reflects that Petitioner pled guilty on November 14, 2003 to two counts of aggravated rape in violation of La. R. S. 14:42 and one count of aggravated incest in violation of La. R. S. 14:78.1.[6] He was sentenced

---

[1] R. Doc. 3.
[2] R. Doc. 22.
[3] R. Doc. 25. The Court notes that Petitioner's Objections were scanned by the Legal Programs Department of the LSP on November 29, 2023 even though they were not docketed by this Court until December 4, 2023. The Court construes the objections as having been timely-filed.
[4] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).
[5] R. Doc. 22 at pp. 1–6.
[6] R. Doc. 16-1 at pp. 629–39; R. Doc. 16-2 at pp. 84–99; R. Doc. 19-1 at pp. 66–72, 83–97 and 205–11.

to life imprisonment on the two counts of aggravated rape and twenty years imprisonment on the one count of aggravated incest.[7] Cole's state criminal judgment of conviction became final for AEDPA purposes, and his federal limitations period therefore commenced, on December 15, 2003, when his time for filing an appeal under state law expired. Cole filed his Petition for Writ of Habeas Corpus in this Court on March 27, 2023.[8] In his Petition, Cole claims that he is entitled to habeas relief on the basis that his guilty pleas were involuntary and unconstitutional since they were entered under threat of a penalty of death, which penalty was later determined to be unconstitutional.[9] Cole also claims that he is entitled to habeas relief as a result of a defective Grand Jury Indictment.[10] Following a referral of this matter to the Magistrate Judge, briefing by the State,[11] the filing of the state court record,[12] and a response from Petitioner,[13] the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed with prejudice as untimely.[14] Petitioner then filed Objections to the Report and Recommendation.[15]

## II.  PETITIONER'S OBJECTIONS

Petitioner objects to the Magistrate Judge's recommendation that the undersigned dismiss with prejudice Cole's § 2254 petition for habeas corpus relief as

---

[7] *Id.*
[8] R. Doc. 3.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 18.
[12] R. Doc. 16 and 19.
[13] R. Doc. 21.
[14] R. Doc. 22.
[15] R. Doc. 25.

time-barred.[16]  Cole argues that his § 2254 petition is timely filed because the Louisiana state trial court lacked subject matter jurisdiction over him as the statute under which he was convicted, La. R. S. 14:42, is unconstitutional.  Specifically, Cole claims that the United States Supreme Court's decision in *Kennedy v. Louisiana*[17] invalidated the Louisiana statute which he pleaded guilty to and was sentenced under.  Cole contends that because lack of subject-matter jurisdiction can be raised at any time, the timing requirements provided by 28 U.S.C. § 2244(d) are inapplicable.  Further, Cole claims that, although *Kennedy* was decided in 2008, he did not become aware of the case until December 2021.  Cole further claims that he is entitled to relief as he was prosecuted, and pled guilty, under a defective Grand Jury indictment. Accordingly, Cole asks the Court to find his § 2254 petition timely.

### III. ANALYSIS

At the outset, the Court notes that Petitioner's objections are simply a restatement of his Petition.[18] Although a party who timely files written objections to a Magistrate Judge's Report and Recommendation is entitled to a *de novo* determination of the Magistrate Judge's recommendations to which the party objects, "[f]rivolous, conclusive or general objections need not to be considered by the district court." [19] The Court finds that Petitioner has failed to raise any specific

---

[16] *Id.*
[17] 554 U.S. 407 (2008).
[18] *Compare* Petition for Writ of Habeas Corpus, R. Doc. 3, *with* Objection to Report and Recommendations, R. Doc. 25.
[19] *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (noting that a petitioner who makes objections that are frivolous, conclusive, or general in nature is not entitled to *de novo* review by a district court).

objections; instead, the objections raised by Petitioner simply repeat the arguments asserted in his Petition, namely (1) that his guilty plea was involuntary and unconstitutional as it was based upon a threat of execution and that penalty for the crime was later determined to be unconstitutional, and (2) that the Grand Jury indictment was unconstitutional, thus depriving the court of subject matter jurisdiction. The Magistrate Judge conducted a thorough analysis of Petitioner's arguments and addressed these issues extensively in his Report and Recommendation. Nevertheless, the Court has conducted a *de novo* review of the record before making its determination in the matter.

Cole's argument is that the U.S. Supreme Court's decision in *Kennedy v. Louisiana*[20] finding the death penalty unconstitutional for violations of La. R. S. 14:42, aggravated rape of a child under the age of 12, made his guilty plea to that crime involuntary and unconstitutional. As the Magistrate Judge correctly noted, "Cole's reliance on *Kennedy* is misplaced."[21]  In *Kennedy*, the Supreme Court held that the Eight Amendment's prohibition against cruel and unusual punishment prohibits imposing the death penalty for the rape of a child where death did not result.  While the underlying statute at issue in *Kennedy*, first degree rape under La. R.S. 14:42, is the same statute that Cole entered a guilty plea to, contrary to Cole's claims, the Supreme Court did not hold the entirety of the statute unconstitutional, but only the provision allowing for the imposition of the death penalty.[22]  Cole was

---

[20] 554 U.S. 407 (2008).
[21] R. Doc. 22 at p. 10.
[22] *Kennedy*, 554 U.S. at 413.

not sentenced to death. Accordingly, the holding in *Kennedy* has no bearing on his conviction. The Louisiana state trial court did not lack subject-matter jurisdiction over Cole. Moreover, the Supreme Court issued *Kennedy* in June 2008; Cole did not file his § 2254 petition until March 2023. AEDPA requires that a habeas petition be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[23] The Magistrate Judge did not err in determining that there was no statutory or equitable tolling applicable to the statute of limitations which would allow for the untimely habeas petition. Further, Petitioner has not raised any "extraordinary circumstance" to warrant equitable tolling. Cole's habeas petition is untimely.

Following the Court's *de novo* review of the record, the Court overrules Petitioner's Objections. The Court is convinced that the Magistrate Judge's well-reasoned analysis in his Report and Recommendation is correct, the Petition is untimely, and the Court adopts the Report as its own opinion.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[24] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate

---

[23] 28 U.S.C. § 2244(d)(1)(C).
[24] 28 U.S.C. § 2253(c)(2).

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[25]  Recognizing that this Court, in adopting the Magistrate Judge's Report and Recommendation, is ordering the Petition denied with prejudice as untimely, the Court further finds that, for many of the same reasons set forth in the discussion of equitable tolling, Bryan Cole's Petition fails to satisfy the standard of "a substantial showing of the denial of a constitutional right."  As such, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Bryan Cole's 28 U.S.C. § 2254 claims alleged in the Petition[26] against Defendant Timothy Hooper are **DISMISSED, with prejudice,** as time-barred, for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a Certificate of Appealability.

New Orleans, Louisiana, January 22, 2024.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[25] *Miller-El v. Cockrell*, 537 U.S. 322, 326, 336, 123 S.Ct. 1029, 1034 & 1039, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).
[26] R. Doc. 3.